■ FRANK C. TOBIN et al., Plaintiffs, and ROBERT E. TOOLAN et al., Respondents, v JESUP & LAMONT, INC., Appellant, et al., Defendants. — In an action, *inter alia,* to recover damages for breach of contract and "wrongful discharge", defendant Jesup & Lamont, Inc., appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Kelly, J.), entered May 5, 1983, as granted plaintiffs Robert E. Toolan's and Robert A. Boytano's motion for partial summary judgment on the ninth cause of action of the complaint as to liability only, and placed the action on the Trial Term Calendar for an assessment of damages. ¶ Order and judgment reversed insofar as appealed from, without costs or disbursements, and motion denied. ¶ On the papers presented, there are triable issues of fact precluding the granting of partial summary judgment to plaintiffs Toolan and Boytano on the ninth cause of action. Among those issues are the following: ¶ (1) whether the contract, made on or about March 1, 1977, under which Jesup & Lamont Municipal Securities, Inc. (which later became Frank C. Tobin & Co., Inc.) employed plaintiffs Toolan and Boytano, was originally or later became an obligation of defendant Jesup & Lamont, Inc.; ¶ (2) whether the discharge of Toolan and Boytano on or about July 20, 1977 was, in fact, as claimed by them, the result of false and fraudulent representations by Jesup & Lamont, Inc., and therefore constituted a breach of contract; ¶ (3) whether the purchase by Jesup & Lamont, Inc., of "the assets" of Jesup & Lamont Municipal Securities, Inc. (now Frank C. Tobin Co., Inc.), on September 30, 1977 resulted in a *de facto* merger and imposed upon Jesup & Lamont, Inc., the obligations of Frank C. Tobin Co., Inc., with respect to Toolan and Boytano; and ¶ (4) whether the circumstances of the acquisition by Frank Henjes & Cox, Inc., by letter agreement dated August 15, 1977, of the San Diego office (including employees) of Frank C. Tobin Co., Inc., relieved Frank C. Tobin, Inc., of any contractual liability it may have incurred to Toolan and Boytano. ¶ A prior determination denying defendants' motion for partial summary judgment with respect to the ninth cause of action did not establish the law of the case in favor of *plaintiffs* Toolan and Boytano on their present motion for partial summary judgment on that ninth cause of action. The existence of triable issues of fact requiring denial of a prior motion by defendants for partial summary judgment does not indicate that plaintiffs Toolan and Boytano are entitled to partial summary judgment. Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.